# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| GARY L. RHODES, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>AURORA LOAN SERVICES, a foreign limited liability company as successor in interest to GMAC Mortgage Corporation, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,<br><br>    Defendants. | ORDER and MEMORANDUM DECISION<br><br>Case No. 2:10-cv-00230-TC<br><br>Judge Tena Campbell |

  Gary L. Rhodes has brought this lawsuit against Aurora Loan Services and Mortgage Electronic Registration Systems, Inc. (MERS), alleging that they violated the law in connection with the origination and foreclosure proceedings on the note secured by Mr. Rhodes' residence. He maintains that MERS did not have authority to foreclose on the note and that Defendants violated various provisions of the Truth-in-Lending Act (TILA), 15 U.S.C. §§ 1601 to 1667. He further argues that he rescinded the loan pursuant to TILA.[1] Defendants move to dismiss his complaint.

  Because Mr. Rhodes' TILA claims are time-barred and MERS has the authority to foreclose on the note, the court GRANTS Defendants' motion to dismiss. The court DENIES Mr. Rhodes' motion for preliminary injunction as moot.

BACKGROUND

---

[1] Mr. Rhodes also brought claims under the Real Estate Settlement Procedures Act (RESPA) and the Home Mortgage Disclosure Act (HMDA), but informed the court at oral argument that he will not pursue these claims.

Mr. Rhodes refinanced the loan on his residence in October 2006, obtaining a $999,500 first mortgage and a $150,000 second mortgage with GMAC Mortgage Corporation.[2] On August 26, 2009, after Mr. Rhodes failed to make payments on his loan, James Woodall, the trustee appointed by MERS, recorded a notice of default on Mr. Rhodes' residence. That same day, Mr. Woodall rescinded the notice of default and filed a revised notice. In some of Mr. Rhodes' materials he claims that Mr. Woodall's rescission of the notice of default was Mr. Rhodes' OWN notice of rescission of the loan. But at oral argument, counsel for Mr. Rhodes acknowledged that Mr. Woodall's filing was not Mr. Rhodes' notice of rescission. According to Mr. Rhodes' counsel Mr. Rhodes sent a notice of rescission on November 10, 2009. Mr. Rhodes' counsel also explained that the deficiencies in the TILA disclosures claimed by Mr. Rhodes included an incorrect payment schedule and an improper notice of interest rate for an adjustable rate mortgage.

ANALYSIS

### Standard of Review

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must presume the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations. Tal v. Hogan, 453 F.3d 1244, 1252 (2006), cert. denied, 127 S. Ct. 1334 (2007); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). Conclusory allegations are allegations that "do not allege the factual basis" for the claim. Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). See also Hall v. Bellmon, 935 F.2d 1106, 1110

---

[2]Mr. Rhodes originally brought suit against GMAC but has dismissed his complaint against GMAC with prejudice.

(10th Cir. 1991) ("conclusory allegations <u>without supporting factual averments</u> are insufficient to state a claim on which relief can be based") (emphasis added). The court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). And although all reasonable inferences must be drawn in the non-moving party's favor, <u>Tal</u>, 453 F.3d at 1252, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570, <u>quoted in</u> <u>Ridge at Red Hawk, LLC v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007).

**TILA Claims**

Both Mr. Rhodes' claim for violation of TILA and for rescission under TILA are time-barred. Any claim for violation of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). In the Tenth Circuit, the statute of limitations on TILA claims runs from the time the consumer credit transaction was consummated. <u>Stevens v. Rock Springs Nat. Bank</u>, 497 F.2d 307, 309 (10th Cir. 1974) (holding that the failure to meet TILA disclosure requirements is not a continuing breach). Unless there is some legal basis for tolling the statute of limitations in this case, the time ran on Mr. Rhodes' TILA claims in October 2007.

Mr. Rhodes argues that the statute of limitations should be equitably tolled because the lender has been involved in fraudulent, misleading, and deceptive practices that concealed the TILA violations. But Mr. Rhodes alleges only that disclosures were not made, not that Defendants actively concealed the discovery of the information that should have been contained in the disclosures. Therefore, Mr. Rhodes has not demonstrated that equitable tolling of TILA is

3

appropriate in this instance.

Mr. Rhodes also did not deliver his notice of rescission to the lender within the time specified by TILA. Section 1635 of TILA allows consumers to rescind "any consumer credit transaction . . . in which a security interest . . .is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended," so long as such rescission takes place within three days of the consummation of the transaction or the delivery of required disclosures under TILA, whichever occurs later. 15 U.S.C. § 1635. If the lender never submits the required disclosures, the borrower's right to rescission expires three years after the consummation of the transaction. 15 U.S.C. § 1635(f). Mr. Rhodes claims to have delivered a notice of rescission on November 10, 2009, more than three years after he consummated his loan transaction in October 2006. All of Mr. Rhodes' claims under TILA are time-barred.

**Fraud**

Mr. Rhodes contends that Defendants have committed fraud because they have not shown ownership of the note. Although MERS does not own the note, it is given authority to foreclose on the note by the note's owner through language in the trust deed. Courts have consistently held that MERS has the authority to foreclose in behalf of the lender and that MERS need not possess the note in order to appoint a trustee in behalf of the lender who does hold the note. See, e.g., Rodeback v. Utah Fin., 1:09-cv-134, 2010 U.S. Dist. LEXIS 69821 * 9-10 (D. Utah July 13, 2010); Burnett v. Mortgage Elec. Registration Sys., Inc., 1:09-cv-69, 2009 U.S. Dist. LEXIS 100409 * 10-11 (D. Utah October 27, 2009); Mortgage Elec. Registration Sys., Inc. v. Azize, 965 So. 2d 151, 153-54 (Fl. Dist. 2d Ct. App. 2007); Mortgage Elec. Reg. Sys., Inc. v. Ventura, No.

4

CV054003168S, 2006 Conn. Super. LEXIS 1154 * 3-4 (Conn. Super. Ct. April 20, 2006). In addition, Utah foreclosure law contains no requirement that the beneficiary produce the actual note in order to authorize the trustee to foreclose on the property secured by the note. See Utah Code Ann. § 57-1-21 to -38. Mr. Rhodes also claims that Defendants committed fraud by violating TILA. But, as discussed above, Mr. Rhodes' claims under TILA are time-barred. Therefore, the court dismisses his fraud claim.

CONCLUSION

Mr. Rhodes' claims based on alleged TILA violations are time-barred because he bases his claims on a loan transaction that took place more than one year prior to when he filed his complaint and more than three years prior to when he claims to have delivered of a notice of rescission. Further, Mr. Rhodes' fraud claim based on MERS lack of authority to foreclose is not supported by the law. Accordingly, the court GRANTS Defendants' motion to dismiss.

DATED this 13th day of August, 2010.

BY THE COURT:

_____
TENA CAMPBELL
Chief Judge